

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| J&J SERVICE VENTURES CORPORATION, a South Dakota corporation, d/b/a/ SERVICEMASTER OF ABERDEEN, <br><br> Plaintiff, <br><br> vs. <br><br> S.C.S. OF KANSAS CITY, INC., a Missouri corporation, d/b/a SERVICEMASTER CLEANING AND CONSTRUCTION; and VVV CORPORATION, an Illinois corporation, d/b/a SERVICEMASTER DISASTER, SERVICES <br><br> Defendants. | CIV 07-1010 <br><br><br> MEMORANDUM OPINION <br> AND ORDER |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTRODUCTION

Plaintiffs instituted this action in South Dakota Circuit Court for breach of contract alleging that defendants failed to pay plaintiff for hurricane disaster clean-up it performed in Florida and Alabama. Defendants removed the action to the United States District Court based upon diversity of citizenship on June 7, 2007. Defendants filed a motion to dismiss for lack of personal jurisdiction or, in the alternative, to change venue to the United States District Court for the Western District of Missouri.

## DECISION

**I. Jurisdiction.**

"To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating, by a prima facie showing, that personal jurisdiction exists." Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998). "To survive a motion to dismiss, the plaintiff must state sufficient facts in the complaint to support a reasonable inference that defendants may be subjected to jurisdiction in the forum state." Steinbuch v. Cutler, ___ F.3d ___, ___, 2008 WL 596747, 3 (8th Cir. March 6, 2008). "[T]he facts adduced in a Rule 12(b)(2) Motion to Dismiss

for lack of personal jurisdiction must be viewed in the light most favorable to the party opposing the motion." Radaszewski by Radaszewski v. Telecom Corp., 981 F.2d 305, 310 (8th Cir. 1992).

> This is the same standard as the one we apply on motions for summary judgment under Rule 56. We look at the facts in the light most favorable to the party opposing the motion, give him the benefit of all reasonable inferences, and grant the motion only if there is no genuine issue as to any material fact, so that the moving party is entitled to judgment as a matter of law. So here, though the motion is captioned under Rule 12(b)(2) rather than under Rule 56, the analytical process is the same as that used on a motion for summary judgment. We look at the facts relevant to the issue of jurisdiction in the light most favorable to [the plaintiff], give him the benefit of all reasonable inferences from these facts, and deny the motion to dismiss if the record, viewed in this way, raises any genuine issue of fact material to the issue of jurisdiction.

Radaszewski by Radaszewski v. Telecom Corp., 981 F.2d at 310.

"We approach our analysis of personal jurisdiction on two levels, first examining whether the exercise of jurisdiction is proper under the forum state's long-arm statute. If the activities of the non-resident defendant satisfy the statute's requirements, we then address whether the exercise of personal jurisdiction comports with due process." Dakota Industries, Inc. v. Dakota Sportswear, Inc., 946 F.2d at 1387-1388. South Dakota's long-arm statute, S.D.C.L. § 15-7-2, provides, inter alia:

> Any person is subject to the jurisdiction of the courts of this state as to any cause of action arising from the doing personally, through any employee, through an agent or through a subsidiary, of any of the following acts:
>
> (1) The transaction of any business within the state;
> * * *
> (11) Commencing or participating in negotiations, mediation, arbitration or litigation involving subject matter located in whole or in part within the state.

The South Dakota long arm statute confers jurisdiction to the fullest extent allowed by the Due Process Clause of the United States Constitution. Bell Paper Box, Inc. v. Trans Western Polymers, Inc., 53 F.3d 920, 921 (8th Cir. 1995). This Court must therefore address only the question whether the exercise of personal jurisdiction in this case satisfies due process. Dakota Industries v. Ever Best Ltd., 28 F.3d 910, 914 (8th Cir. 1994).

The United States Supreme Court has held that "due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S. Ct. 339, 343, 85 L. Ed. 278 (1940)). "A defendant must have fair warning that his activities may result in his being haled into court in a particular jurisdiction and must invoke the benefits and protections of that jurisdiction by purposely availing himself of the privilege of conducting those activities." Porter v. Berall, 293 F.3d 1073, 1075 (8th Cir. 2002).

> Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, this fair warning requirement is satisfied if the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities.

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S. Ct. 2174, 2182, 85 L. Ed. 2d 528 (1985) (citations omitted). "The constitutional touchstone remains whether the defendant purposefully established minimum contacts in the forum State." Burger King v. Rudzewicz, 471 U.S. at 474, 105 S.Ct. at 2183 (internal citations and quotations omitted).

As we examine the question of personal jurisdiction, we must look at two theories, the one dealing with general jurisdiction and the other dealing with specific jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

> A state may exercise general jurisdiction if a defendant has carried on in the forum state a continuous and systematic, even if limited, part of its general business; in such circumstances the alleged injury need not have any connection with the forum state. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 779, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984). The plaintiff must make a prima facie showing, however, that the defendant's contacts were not "random," "fortuitous," or "attenuated." *Id.* at 774, 104 S.Ct. 1473. Specific jurisdiction on the other hand is appropriate only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities.

3

> *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

Steinbuch v. Cutler, ___ F.3d at ___, 2008 WL 596747 at 3.

"This court considers five factors in determining whether a district court's exercise of jurisdiction over a non-resident defendant is consistent with due process:"

> [1] the nature and quality of defendant's contacts with the forum state;
> [2] the quantity of contacts;
> [3] the relation of the cause of action with those contacts;
> [4] the interest of the forum state in providing a forum for its residents; and
> [5] the convenience of the parties.

Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A., 51 F.3d 1383, 1387-1388 (8th Cir. 1995); Porter v. Berall, 293 F.3d at 1076. "The last two factors are considered less important and are not determinative. Porter at 1076.

Defendant's contacts with South Dakota, in the light most favorable to the plaintiff, consist of Bill Kumpfer, president of S.C.S of Kansas City, Inc., meeting Jeffrey Heyd, president of J&J Service Ventures, d/b/a Servicemaster of Aberdeen, in Kansas at an August 2004, damage certification course. They discussed the defendants' provision of disaster recovery services around the nation and defendants' need for additional workers. Heyd toured defendants' facilities in Kansas and Heyd and Kumpfer discussed doing business together. Following Heyd's return to South Dakota, telephone contacts ensued to discuss the need for workers to clean up hurricane damage in Florida. General payment terms were discussed along with the possible duration of the need for workers. Heyd sent an e-mail to Kumpfer seeking written clarification of the terms of payment. Kumpfer replied by e-mail to Heyd in South Dakota with some modification to the terms of payment. Thereafter, Heyd hired South Dakota employees who traveled to Florida and elsewhere to work with defendants in hurricane disaster cleanup. Reports to Heyd of the South Dakota workers' performance were given to subordinates on site and then transported to South Dakota or were e-mailed to Heyd in South Dakota. Partial payment to plaintiff was mailed to Heyd in South Dakota, such payments to be in turn paid, in part, to South Dakota workers who performed services for defendants.

Letters and telephone calls to the jurisdiction are not ordinarily sufficient by themselves to support the exercise of personal jurisdiction. Aylward v. Fleet Bank, 122 F.3d 616, 618 (8th

Cir. 1977). However, in conducting the minimum contacts analysis in a contract case, "a court must consider the parties' prior negotiations, contemplated future consequences and actual course of dealings. The terms of the contract must be taken into account as well." St. Jude Medical, Inc. v. Lifecare International, Inc., 250 F.3d 587, 591 (8th Cir. 2001). The parties contemplated that, as part of their business relationship, Heyd would hire South Dakota residents and send them to Florida to work as part of defendants' disaster assistance crews. Failure to pay plaintiff pursuant to the terms of the agreement, as alleged in the complaint, directly affects those workers who traveled to Florida, expecting payment therefor. Although the quantity of the contacts does not by itself, on the present record, show that defendants purposefully directed their activities at residents of this forum, that was clearly the intention of the defendants and they did in fact direct their activities at residents of South Dakota. The contacts were not merely of preliminary negotiations. Defendants entered into a personal services contract whereby South Dakota residents would travel to Florida and provide services to defendants. This purposeful connection should have put defendants on notice that they could be hauled into court in South Dakota. See St. Jude Medical v. Lifecare International, 250 F.3d at 592.

One inquiry is whether a defendant knew that the brunt of the injury would be felt by the plaintiff in South Dakota, the state in which the plaintiff "lives" and works and defendant intentionally targeted the forum state. See Calder v. Jones, 465 U.S. 783, 789-90 (1984). Here, the defendants allegedly breached their contract and failed to pay plaintiff what was owed plaintiff. Defendant knew that plaintiff had advertised, found, and employed South Dakota citizens, promising to pay them wages and benefits, and caused them to leave South Dakota to travel to other states. Without the payment from defendant, plaintiff could be unable to pay its South Dakota employees. South Dakota law requires the timely payment of wages to employees. Defendant thus knew that the brunt of the injury would be felt by the plaintiff and all the South Dakota workers in South Dakota.

The relation of the cause of action to the contacts concerns whether defendants purposely directed their contacts at residents of this forum and whether the litigation results from injuries arising out of or relating to those activities. Aylward v. Fleet Bank, 122 F.3d at 618. To evaluate this criterion, we examine the plaintiff's complaint. Id.

Plaintiff alleges that on or about September 7, 2004, defendants entered into a personal services contract with plaintiff, that plaintiff performed the contemplated services in 2004, and that defendants have failed to pay in full for such services as agreed. Clearly, defendants' contacts with plaintiff were related to the contract and the breach thereof. The contacts concerned the formation of the very contract plaintiff claims was breached.

With respect to the fourth and fifth criterion, the interests of South Dakota and Missouri in providing a forum for their residents and the convenience of the parties in litigating in their home state are in equipoise. However, since this cause of action potentially affects not just J&J's checkbook, but that of the employees who traveled out of state to work, South Dakota has an "obvious interest in providing a local forum in which its residents may litigate claims against non-residents." Northrup King v. Compania Productora Semillas, 51 F.3d 1383, 1389 (8th Cir. 1995). "A plaintiff normally is entitled to select the forum in which it will litigate." Id.

I conclude that personal jurisdiction exists over the out of state defendants. The motion to dismiss on that basis should be denied.

## II. Change of Venue.

Defendants contend that this matter should be transferred to the Western District of Missouri. A district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a).

> The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. Courts have not, however, limited a district court's evaluation of a transfer motion to these enumerated factors. Instead, courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors.

Terra Intern., Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 691 (8th Cir. 1997). In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted. Id. at 695. See also Jacques v. Dakota, Minnesota & Eastern R.R. Corp., ___

6

F.Supp.2d ____, 2008 WL 835651, 1 (D.Minn. 2008) ("The moving party must show that the balance of these factors 'strongly favors' transfer.")

Defendants have not shown that transfer is warranted. The plaintiff and the defendants are equally inconvenienced by litigation in a foreign forum. The witnesses identified by defendants reside in South Dakota, North Dakota, Missouri, Illinois, and Tennessee. This factor does not weigh in favor of Missouri. Neither party has identified any factor requiring transfer in the interest of justice.

Venue is proper in the District of South Dakota. While it is inconvenient for defendants to litigate in this forum, it would also be inconvenient for plaintiff to litigate in Missouri.

## ORDER

Based upon the foregoing,

IT IS ORDERED:

1. Defendants' motion, Doc. 15, to dismiss is denied.
2. Defendants' motion, Doc. 15, to transfer venue is denied.

Dated this 8th day of April, 2008.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
                         DEPUTY
(SEAL)